John A. Donahue
vs.    No. 65805
Bedell, Inc.

November 15, 1927.

SUMNER, J. Plaintiff has brought suit to recover a commission claimed to be due for negotiating the sale of a concession for the defendant.

The jury returned a verdict for the plaintiff for $1598.

The defendant has filed its motion for a new trial on the usual grounds and, in addition, claims that it has discovered new and material evidence as indicated by affidavit.

The plaintiff claims that he learned that a concessionaire of the defendant was about to leave and, finding that a friend of his, Sidney M. Samuels, was interested in the matter, he took up the question of securing the concession for Samuels with a Mr. Smith, who was general manager for the defendant; that he told Smith that if the deal went through he would expect a 5 per cent. commission, and that he finally did get Samuels to take the concession from defendant.

Defendant claims that it had already received a communication from Samuels relative to taking the concession before the time that plaintiff says he had begun to negotiate for it, and defendant offers in evidence a letter from Samuels to it of April 22, 1925, and a copy of its answer to this letter, dated April 24, 1925.

Plaintiff's claim is denied by both the defendant, Bedell, Inc., and by Samuels, who took the concession. Their claim is that negotiations were started by the letter of Samuels to Bedell, Inc., and proceeded to a conclusion without material assistance from Donahue. They admit that Donahue took some part in the negotiations, but say that they at first understood that he was acting as a friend of Samuels and it was only late in the negotiations that Donahue told Smith that he was acting as a broker, and at that time Smith said that he told Donahue that he could expect no commission from Bedell.

The plaintiff admits that he kept no books; that his occupation was looking after some buildings for the Dimond Land Company; that his name did not appear on the door of his office as a real estate broker. He has no memoranda of this transaction and there is no corroboration of his claim. The two letters by which he seeks to substantiate his claim, one of April 24, and the other May 6, apparently have no probative value except the word of Donahue him-

self, as Mr. Smith, the manager for defendant, says he never received the letters, and Sidney Samuels denies that he ever authorized them to be sent. Plaintiff claims that negotiations were closed some time before May 30, but the agreement presented in Court showed that it was not signed until September 8, over three months after the time fixed by the plaintiff. The terms mentioned by Donahue in his two letters are not the terms finally agreed upon by the parties, and as to most of the details of the concession, and there are many, the plaintiff has no knowledge whatever. The plaintiff testified that these two letters of April 24 and May 6 were written in his office and presumably by his typist. The affidavit relative to new evidence is made by Miss Nolan, who was the typist in the office of the Dimond Land Company which was jointly occupied by Donahue and Mr. Dimond. She said that she knew about all transactions going on in the office and does not recall there being any correspondence with Bedell, Inc., at that time; that Donahue was an employee of the Dimond Land Company the same as she was, and that she was familiar with his affairs; that she did not write the letter of May 6, as she was out of the office that day, and has no recollection of writing the letter of April 24; that the stenographer's mark on it is not the mark that she customarily used, and the insertions in ink appearing upon it are not in her handwriting. Samuels said that Donahue used to come into his office a good deal and that he (Donahue) said to him: "Let me take that up with Smith, a friend of mine. I can help you."; that he always thought that Donahue was acting for him in a friendly capacity; also that Donahue was not a factor in his making up his mind to take this concession, nor did he bring it to his attention.

The Court is not satisfied that Donahue was the effective agent in selling the concession to Samuels' Company and the affidavit of Miss Nolan seems to add considerable strength to the claim of the defendant.

Motion for new trial granted.

For plaintiff: Huddy & Moulton.

For defendant: Curran, Hart, Gainer & Carr.